STATE OF HAWAII, Plaintiff-Appellee, *v.* MARK STEVEN ANDERSON, Defendant-Appellant

NO. 6074

DECEMBER 16, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

Defendant-appellant Mark Steven Anderson (hereinafter referred to as appellant) was found guilty by a jury of the offense of Promoting a Dangerous Drug in the First Degree.[1] He was thereafter sentenced by the circuit court to pay a fine of $150 and was placed on probation for a period of five years. Appellant challenges his conviction on the ground that he was entrapped into committing the prohibited conduct for which he was arrested. However, the trial jury evidently did not

---

[1] This offense is a violation of HRS § 712-1241 (Special Pamphlet).

believe the testimony given in support of appellant's entrap-
ment defense. We find the contentions advanced by appel-
lant on this appeal to be without merit, and we affirm the
judgment and sentence of the court below.

Appellant specifically contends that the trial court preju-
dicially erred when it instructed the jury over appellant's
objection that the burden of proof on the entrapment issue
was on the appellant and that appellant was required to meet
this burden by a preponderance of the evidence.[2] This pre-
cise issue was addressed by us a short time ago in *State v.
Kelsey,* 58 Haw. 234, 566 P.2d 1370 (1977). There we held that
HRS §§ 702-237 and 701-115 (Special Pamphlet) properly
place on the defendant the burden of proving entrapment.[3]

---

[2] The instruction given by the trial judge over appellant's objection read as
follows:

Entrapment is a good and valid defense under the law. It focuses on the
conduct of the law enforcement officers. Entrapment occurs when a law en-
forcement officer uses methods of persuasion or inducement which create a
substantial risk that an offense will be committed by persons other than those
who are ready to commit it.

The defense of entrapment is available to a defendant even though other
evidence may show that the defendant had a predisposition to commit the crime
for which he stands charged.

The defense of entrapment is an affirmative defense and requires the defen-
dant to prove by a preponderance of the evidence that he was induced to commit
the offense by the activities of a law enforcement officer. If you find that the
defendant's evidence, when considered in light of contrary prosecution evi-
dence, proves by a preponderance of the evidence that the method of persuasion
or inducement used by the law enforcement officer created a substantial risk that
the offense for which the defendant stands charged would have been committed
by a person who was not ready to commit that offense, you must acquit the
defendant.

[3] These statutory provisions, and all statutes hereinafter referred to, are provi-
sions of the Hawaii Penal Code (HRS, Special Pamphlet). Therefore, all statutes
referred to in the remainder of this opinion will simply be cited by HRS section
number.

HRS §§ 702-237 and 701-115 provide in pertinent part as follows:

§ 702-237 *Entrapment.*

(1) In any prosecution, it is an affirmative defense that the defendant engaged
in the prohibited conduct or caused the prohibited result because he was induced
or encouraged to do so by a law enforcement officer, or by a person acting in

As we stated in *Kelsey:*

> We do not think that these sections [702-237 and 701-115] of the Code shift to the appellant the burden of proof as to any element of the offense with which the appellant was charged. The requirement that the accused prove by a preponderance of the evidence an affirmative defense pleaded by him would not have such an effect, and we view that there is no constitutional due process violation as contended by appellant.

58 Haw. at 239, 566 P.2d at 1373.

Our holding in *Kelsey* would, therefore, ordinarily be dispositive of appellant's contention that the burden should be on the State to show beyond a reasonable doubt that appellant was not entrapped. However, appellant has placed great emphasis on *Mullaney v. Wilbur,* 421 U.S. 684 (1975), to support his argument that HRS §§ 702-237 and 701-115 are

---

cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense, either:

(a) Knowingly made false representations designed to induce the belief that such conduct or result was not prohibited; or

(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

\* \* \* \* \*

§ 701-115 *Defenses.* (1) A defense is a fact or set of facts which negatives penal liability.

(2) No defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented. If such evidence is presented, then:

(a) If the defense is not an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in the light of any contrary prosecution evidence, raises a reasonable doubt as to the defendant's guilt; or

(b) If the defense is an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in light of any contrary prosecution evidence, proves by a preponderance of the evidence the specified fact or facts which negative penal liability.

(3) A defense is an affirmative defense if:

(a) It is specifically so designated by the Code or another statute; or

(b) If the Code or another statute plainly requires the defendant to prove the defense by a preponderance of the evidence.

unconstitutional and violative of due process. We did not discuss *Mullaney* in our *Kelsey* decision, but we feel that it is desirable here to set out why the principles stated in *Mullaney* are not applicable in the entrapment context.

In *Mullaney*, a Maine statute which required a defendant charged with murder to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation, in order to reduce the homicide to manslaughter, was held to be violative of the Due Process Clause. The Supreme Court ruled that the Maine procedures were not consistent with the due process requirement, enunciated in *In re Winship*, 397 U.S. 358 (1970), that the prosecution prove beyond a reasonable doubt every element of the crime charged.

Appellant asserts that, under the holding of *Mullaney*, the requirement that a defendant establish entrapment by a preponderance of the evidence is similarly violative of the due process requirement. We disagree.

The *Mullaney* decision was bottomed on the fact that the issue upon which the defendant bore the burden of proof was, in fact, an element of the very offense charged. Absence of heat of passion on sudden provocation was a factor which went to the heart of the crime of murder and, therefore, necessarily constituted an element of that crime. Therefore, the Supreme Court held that the State, and not the defendant, should bear the burden of proving beyond a reasonable doubt the absence of heat of passion on sudden provocation.

Entrapment, on the other hand, does not constitute an element of a crime, but is instead an affirmative defense. *State v. Kelsey, supra; see* HRS § 702-237(1). As such, entrapment is an issue which is separate and apart from the proof of all the elements of an offense. As stated in *Kelsey, supra*, the pleading of entrapment does not in "any way lessen the requisite number of the elements to be proven by the state or the degree of quantum of the proof . . . ." 58 Haw. at 239, 566 P.2d at 1373. Moreover, entrapment is such a separate issue that a defendant can raise the entrapment defense even after admitting that he committed the offense charged. *Mullaney* is, therefore, readily distinguishable and

does not control the case now before us.[4]

. In enacting HRS § 702-237, the legislature adopted the approach of the Model Penal Code, which in turn took the so-called "objective view" of entrapment. Under the objective view, the focus of inquiry is not on the predisposition of the defendant to commit the crime charged, but rather is on the conduct of the law enforcement officials. *See* Commentary on HRS § 702-237,[5] and Model Penal Code § 2.10, Comment (Tent. Draft No. 9, 1959). *United States v. Russell*, 411 U.S. 423 (1973) (Stewart, J., dissenting opinion); *People v. Turner*, 390 Mich. 7, 210 N.W.2d 336 (1973). There is little difficulty in finding, under the objective view, that the burden of proving entrapment is on the defendant, not the State. *People v. Turner, supra; People v. Laietta*, 30 N.Y.2d 68, 281 N.E.2d 178, 330 N.Y.S.2d 351, *cert. denied*, 407 U.S. 923 (1972); *Commonwealth v. Jones*, 242 Pa. Super. Ct. 303, 363 A.2d 1281 (1976).

Appellant's contention that the language of HRS § 702-237 injects considerable subjectivity into the determination of entrapment, thereby requiring the trial court to consider the predisposition of the defendant, is unfounded. Under that section, entrapment may be offered as a defense "[r]egardless of the defendant's past record or present predisposition to engage in a certain type of penal conduct . . . ."

---

[4] The holding in *Mullaney* was in fact narrowed by *Patterson v. New York*, ——U.S.——, 97 S. Ct. 2319 (1977), which was handed down a few weeks before our *Kelsey* decision. In *Patterson*, the Supreme Court held that the New York requirement that a defendant prove by a preponderance of the evidence the affirmative defense of extreme emotional distress, in order to reduce murder to manslaughter, was not violative of the Due Process Clause. The Court distinguished the Maine homicide statute struck down in *Mullaney*. Under the Maine law, the burden of proof of malice, an element of the crime of murder, was in effect shifted to the defendant. By contrast, because the factor of extreme emotional distress was an affirmative defense to murder under New York law, the Supreme Court found that no burden of proof as to any element of the offense was placed on the defendant. Thus, the New York statute was held to be valid.

[5] The Commentary accompanying the Hawaii Penal Code (HRS Special Pamphlet) may be used as an aid in understanding the provisions of the Code, even though it was not intended as evidence of legislative intent. HRS § 701-105; *State v. Nobriga*, 56 Haw. 75, 77, 527 P.2d 1269, 1271 (1974).

Commentary on HRS § 702-237. The language of the section allows for a strictly objective inquiry into the entrapment issue. The main concern is whether the conduct of the police or other law enforcement officials was so extreme that it created a substantial risk that persons not ready to commit the offense alleged would be persuaded or induced to commit it. The focus is on the police conduct and its probable effect on a "reasonable person." No attention is directed toward the state of mind of the particular defendant in determining the entrapment issue. The language of § 702-237 fully comports with the objective view of entrapment.

Finally, contrary to appellant's argument, we perceive no fatal inconsistency between the provisions of HRS §§ 701-115 and 702-205.[6] The former speaks clearly to the issue of defenses. That section also provides that affirmative defenses must be proven by the defendant. *See* HRS § 701-115(2)(b). It further provides that a defense is an affirmative defense if it is specifically so designated by the Code. HRS § 701-115(3)(a).[7] The legislature clearly intended to provide for affirmative defenses by enacting § 701-115, and we do not construe § 702-205 in a manner that would nullify the provisions of § 701-115. We thus reject appellant's construction of § 702-205, which would make entrapment an "attendant circumstance" which "negatives a defense". As such, entrapment is not, under § 702-205, an element of an offense which must be negated by the State beyond a reasonable doubt.

Since we announced our opinion in *Kelsey*, we have become aware that a number of jurisdictions follow the rule that entrapment is an affirmative defense for which the defendant bears the burden of proof by a preponderance of the evidence. *People v. Tewksbury*, 15 Cal.3d 953, 544 P.2d 1335,

---

[6] HRS § 702-205 provides as follows:
*Elements of an offense.* The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as:
    (a) Are specified by the definition of the offense, and
    (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue, or lack of jurisdiction).

[7] HRS § 702-237(1) explicitly makes entrapment an affirmative defense.

127 Cal. Rptr. 135, *appeal dismissed,* 429 U.S. 805 (1976); *People v. Turner, supra; Crosby v. State,* 295 A.2d 708 (Del. 1972), *accord, Brown v. State,* 310 A.2d 870 (Del. 1973); *State v. Gilman,* 110 R.I. 207, 291 A.2d 425 (1972); *People v. Laietta, supra; Lisby v. State,* 82 Nev. 183, 414 P.2d 592 (1966); *State v. Braun,* 31 N.C. App. 101, 228 S.E.2d 466, *appeal dismissed,* 291 N.C. 449, 230 S.E.2d 766 (1976). We adhere to that rule.

The trial court properly instructed the jury on the entrapment issue, and it properly denied appellant's motions for acquittal and for new trial.

Affirmed.

*David S. Hobler* on the briefs for defendant-appellant.

*Cora K. Lum,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.