## STATE OF HAWAII, Plaintiff-Appellee *v.* JAMES KUKOA AIU, Defendant-Appellant

NO. 5947

MARCH 31, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

Defendant-appellant James Kukoa Aiu (hereinafter referred to as appellant) was convicted after a bench trial of the offense of Unauthorized Control of Propelled Vehicle.[1] The trial court thereafter placed appellant on probation for a period of five years, with the added conditions that appellant spend six months in Halawa Correctional Facility and that he make restitution for damages to the motor vehicle involved. Appellant appeals from the judgment of the trial court on the ground that that court erred in denying appellant's pretrial motion to dismiss. The motion sought dismissal pursuant to the requirements of HRS § 701-109(2).[2]

We are of the opinion that the motion to dismiss should have been granted, and we reverse the judgment of the court below.

The facts of this case are not in dispute. On the morning of April 14, 1975, a white 1967 Volkswagen automobile was stolen from the Honolulu Board of Water Supply parking lot on Beretania Street. The theft was reported to police, and a bulletin was thereupon broadcast over police radio. This radio broadcast was received by Honolulu Police Officer Wallace Zoller, who was on patrol in the Kalihi-Moanalua area. Shortly after 8:30 that morning, Officer Zoller spotted a white Volkswagen passing by headed in the ewa direction on Moanalua Freeway. The license number of the Volkswagen matched that of the vehicle which was reported stolen, and the person driving the Volkswagen also fit the description of the suspected thief.

---

[1] This felony offense is a violation of HRS § 708-836.

[2] Except where otherwise noted, all statutory provisions cited in this opinion may be found in the 1976 Replacement volumes of the Hawaii Revised Statutes (HRS).

Zoller commenced pursuit of the Volkswagen, and the chase continued on the freeway through Halawa. The driver of the Volkswagen then took the Aiea cutoff into an area of the highway which was still under construction. The Volkswagen proceeded through the construction area for approximately a quarter of a mile before returning to the roadway, where it finally collided with a stone wall and telephone post. The driver, who Officer Zoller later identified as appellant, then got out of the Volkswagen and fled on foot. He was apprehended a short distance away and was placed under arrest by Zoller for Unauthorized Control of Propelled Vehicle. Appellant was also cited at the scene for Careless or Heedless Operation of Vehicle[3] and for Driving Without a License.[4]

Appellant was indicted on April 30, 1975, for the offense of Unauthorized Control of Propelled Vehicle. He was arraigned on that felony charge in circuit court on May 9, 1975, at which time he entered a plea of not guilty.

Subsequently, on May 27, 1975, appellant was arraigned in district court on the misdemeanor charges of Careless or Heedless Operation of Vehicle and Driving Without a License. He was tried on those two charges in district court and was found guilty after a bench trial on June 17, 1975. Prior to this trial, the prosecutor was advised by counsel for appellant that there were three charges, one of them a felony charge, pending against appellant as a result of the occurrence on April 14, 1975. However, the prosecutor proceeded in district court with the trial on the misdemeanor charges despite appellant's counsel's contention that there could be a subsequent bar to the prosecution of the felony charge under the provisions of HRS § 701-109(2).

After having been convicted of the misdemeanor charges, appellant filed a motion in circuit court to dismiss the felony charge of Unauthorized Control of Propelled Vehicle. Following a hearing on July 3, 1975, the court below denied the

---

[3] Appellant was charged with this misdemeanor offense under HRS § 291-1 (1955).

[4] Appellant was charged with this offense under HRS § 286-102(a). This offense is designated as a misdemeanor by HRS § 286-136.

motion to dismiss. Appellant was thereupon found guilty of the felony charge by the court below after a bench trial held on July 8, 1975.

The sole question presented is whether HRS 701-109(2) precluded the State from bringing appellant to trial on the felony charge of Unauthorized Control of Propelled Vehicle after appellant had been earlier convicted of the two misdemeanor offenses in a separate trial.

It is clear that under HRS § 701-109(1), a defendant may be prosecuted, subject to certain limited exceptions, for all separate offenses which arise from a single course of conduct.[5] However, although HRS § 701-109(1) provides that the State may prosecute a defendant for as many offenses as to which it can make out a prima facie case, see Commentary on HRS § 701-109, HRS § 701-109(2) provides that a defendant shall not be subjected to *separate* trials for multiple offenses which may arise from the same conduct or episode.[6] Therefore, the compulsory joinder of offenses requirement of HRS § 701-109(2) acts as a procedural limitation upon the

---

[5] HRS § 701-109(1) provides as follows:

When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section; or

(b) One offense consists only of a conspiracy or solicitation to commit the other; or

(c) Inconsistent findings of fact are required to establish the commission of the offenses; or

(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

[6] HRS § 701-109(2) provides as follows:

Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

State's power under HRS § 701-109(1) to seek convictions for all offenses resulting from a single course of conduct. Only where the prosecuting officer is unaware of the possibility of other charges, or where all such offenses are not within the jurisdiction of a single court, or where the trial court allows the multiple charges to be tried separately can multiple offenses arising from the same conduct be prosecuted in separate trials. *See* HRS §§ 701-109(2) and (3).

Appellant contends that all three offenses with which he was charged resulted from the same conduct or episode, which was the act of driving the Volkswagen on April 14, 1975. Therefore, he contends that because he was first convicted of the misdemeanor charges, the prosecution was precluded under HRS § 701-109(2) from conducting a subsequent trial on the felony charge. Hence, appellant maintains that the trial court erred in refusing to grant his motion to dismiss.

The State concedes that the three offenses with which appellant was charged arose from the same conduct or episode. Therefore, the State further concedes that the circuit court erred in basing its denial of the motion to dismiss upon the finding that the felony and misdemeanor charges did not arise from the same conduct of appellant. The State argues, however, that the circuit court's denial of appellant's motion to dismiss nevertheless reflected the proper result in light of the provisions of HRS § 701-111(1)(c)(i).[7] The State asserts that HRS § 701-111(1)(c)(i) constitutes one of the exceptions to

---

[7] HRS § 701-111 provides in its entirety as follows:

*When prosecution is barred by former prosecution for a different offense.*

Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in section 701-110(3) and the subsequent prosecution is for:

(a) Any offense of which the defendant could have been convicted on the first prosecution; or

(b) Any offense for which the defendant should have been tried on the first prosecution under section 701-109 unless the court ordered a separate trial of the offense; or

the joinder of offenses requirement of HRS § 701-109(2) and that the instant case falls within the ambit of that exception.

The applicability of HRS § 701-109(2) to the instant situation cannot be doubted. We agree that appellant's singular act of driving the Volkswagen without permission constituted the "same conduct or episode" for purposes of HRS § 701-109(2). *State v. Krech,* —— Minn. ———, 252 N.W.2d 269 (1977); *People v. Flint,* 51 Cal.App.3d 333, 124 Cal.Rptr. 269 (1975); *People v. Morris,* 237 Cal.App.2d 773, 47 Cal.Rptr. 253 (1965). Furthermore, it is uncontested that the appropriate prosecuting officer was fully aware of the existence of the felony charge at the time that the misdemeanor charges were prosecuted in district court. Finally, the felony and two misdemeanor charges were clearly within the jurisdiction of a "single court".[8] All of the conditions prelimi-

---

(c) An offense based on the same conduct, unless:

  (i) The offense for which the defendant is subsequently prosecuted requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil; or

  (ii) The second offense was not consummated when the former trial began.

(2) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed, or vacated and which acquittal, final order, or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 701-110(4), and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

[8] Although misdemeanor charges are normally tried in the district court unless the trial is by jury, *see* HRS § 604-8, it is obvious that both the misdemeanor and felony charges in this case could have been joined and tried in circuit court. Under HRS § 603-21.5(1), the circuit courts are given jurisdiction of all criminal offenses "cognizable under the laws of the State, . . . ." No other statute or rule prohibits the circuit courts from exercising jurisdiction over misdemeanor offenses which have been joined with felony offenses in a single prosecution. Such joinder of felony and misdemeanor charges was permitted under the provisions of Rules 8(a) and 13 of the Hawaii Rules of Criminal Procedure, which were in effect at the time of appellant's trials in 1975. Similar rules are contained in the current Hawaii Rules of Penal Procedure (effective January 1, 1977). Therefore, looking to the time of the prosecution of the misdemeanor charges, all three offenses with which appellant was charged could have been tried in the circuit court.

narily required for the application of HRS § 701-109(2) were thus met in this case.

HRS § 701-109(2) precludes the separate prosecution of offenses arising out of the same conduct or episode. Hence, reading HRS § 701-109(2) alone, it was improper for the prosecution to have tried appellant separately on the misdemeanor and felony charges.

The crucial question, therefore, becomes whether HRS § 701-111(1)(c)(i) was intended to serve as a direct limitation upon the strictures of HRS § 701-109(2). We first note that HRS §§ 701-111 and 701-109(2) should generally be read in conjunction with each other, see Commentary on HRS § 701-111, for both statutory provisions may be regarded as effectuating "the policy of preserving the defendant from numerous and vexatious prosecutions." Commentary on HRS § 701-111.[9]

The State rests its case entirely upon HRS § 701-111(1)(c)(i). The State maintains that the Unauthorized Control of Propelled Vehicle charge requires proof of factual elements which differ from those required in order to prove the misdemeanor charges, and it also maintains that the laws defining the pertinent felony and misdemeanor offenses are intended to prevent substantially different harms or evils. Therefore, the State contends that the subsequent prosecution of the felony charge is permitted by the exception contained in HRS § 701-111(1)(c)(i). We disagree.

The State's position could perhaps be sustained if HRS § 701-111(1)(c)(i) was read entirely by itself. However, it would be ill-advised for us to disregard the remainder of of HRS § 701-111(l). We are particularly concerned with the effect of HRS § 701-111(l)(b) upon HRS § 701-111(l)(c).[10]

---

[9] Although the Commentary accompanying the Hawaii Penal Code was not intended as evidence of legislative intent, it may be used as an aid in understanding the provisions of the Code. HRS § 701-105; State v. Anderson, 58 Haw. 479, 483, 572 P.2d 159, 162 n. 5 (1977).

[10] See text of HRS § 701-111(1) in n. 7, supra. Although subsection (a) of HRS § 701-111(1) also seems to be generally applicable to this case, it appears that that subsection is directed at situations other than those involving HRS § 701-109. See Commentary on HRS § 701-111. We are satisfied that subsections (2) and (3) of HRS § 701-111 are also not applicable to this case.

HRS § 701-111(1)(b) provides that a subsequent prosecution for a different statutory offense is barred when the subsequent prosecution is for an offense for which the defendant should have been tried in the first prosecution under HRS § 701-109(2).[11] As we have stated, under a solitary reading of HRS § 701-109(2), the felony charge and the misdemeanor charges in the instant case should have all been prosecuted in the same proceeding. Therefore, reading HRS § 701-109(2) in conjunction with HRS § 701-111(1)(b), we find that these two provisions are perfectly consistent with each other.

Consequently, we must determine whether it is HRS § 701-111(1)(c)(i) or HRS § 701-111(1)(b) which prevails here. The initial paragraph of HRS § 701-111 provides that a subsequent prosecution for a violation of a different statutory offense is barred by a former prosecution under "any of the following circumstances." It is, of course, clear that "the following circumstances" refers to the situations described in HRS § 701-111(1), (2) and (3). However, HRS § 701-111(1) is itself phrased in the disjunctive, and it in effect provides for three possible subsituations. Therefore, we regard sub-parts (a), (b) and (c) of HRS § 701-111(1) as representing three independent circumstances for purposes of determining whether a subsequent prosecution will be barred by a prior prosecution. In view of the fact that the first paragraph of HRS § 701-111 provides that a subsequent prosecution is barred under "*any* of the following circumstances", it would consequently appear that any one of sub-parts (a), (b) or (c) may bar a subsequent prosecution, notwithstanding the fact that either of the remaining two sub-parts may appear to

---

[11] We note that the text of HRS § 701-111(1)(b) does not refer to any specific subsection of HRS § 701-109. The Commentary on HRS § 701-111 mistakenly refers to HRS § 701-110 in explaining the provisions of HRS § 701-111(1)(b). However, it is quite evident that HRS § 701-111(1)(b) refers to HRS § 701-109(2), for the Commentary to Model Penal Code § 1.10(1)(b) (Tent. Draft No. 5, 1956), the forerunner of HRS § 701-111(1)(b), so indicates. The Legislature considered the drafts and commentary of the Model Penal Code in enacting HRS §§ 701-109 and 701-111, and we interpret the intent behind this statute in a manner consistent with the structural scheme of the Model Penal Code.

permit such a subsequent prosecution.

Following this interpretation, it is apparent that because HRS § 701-111(1)(b) would effectively bar the subsequent felony prosecution here, HRS § 701-111(1)(c) becomes inapplicable notwithstanding the fact that it would work to permit the felony prosecution.

Such an outcome finds general support in the commentary to the Model Penal Code. The commentary to Model Penal Code § 1.10(1)(c) (Tent. Draft No. 5, 1956) states that "[s]ubsection (1)(c) is designed to provide minimal protection if for any reason the compulsory joinder provision does not operate." Model Penal Code § 1.10(1)(c) is the forerunner of HRS § 701-111(1)(c). Therefore, HRS § 701-111(1)(c) should apply only where HRS § 701-109(2) does not, such as where the prosecutor is not aware at the first prosecution of all the charges which may arise from the same conduct or where the trial court allows severance of the charges under HRS § 701-109(3).[12] Furthermore, the language in HRS § 701-111(1)(c)(i) providing for a limited exception to the rule barring subsequent prosecutions is more likely intended to act as a limitation upon the trial judge's power to order a severance of the charges under HRS § 701-109(3), see Model Penal Code § 1.09(1)(c), Comment (Proposed Official Draft, 1962), so that where a trial judge allows separate trials of various offenses arising out of the same conduct, those offenses still may not be separately tried if the requirements of HRS § 701-111(1)(c) are not met. Therefore, because HRS § 701-109(2) applies here, HRS § 701-111(1)(b) is the more appropriate companion provision in this case.

We recognize that in both State v. Pia, 55 Haw. 14, 514 P.2d 580 (1973), and State v. Ahuna, 52 Haw. 321, 474 P.2d 704 (1970), this Court discussed subsection (1)(c) of HRS § 701-111 in such a way as to create the possible impression

---

[12] HRS § 701-109(3) provides as follows:

When a defendant is charged with two or more offenses based on the same conduct or arising from the same episode, the court, on application of the prosecuting attorney or of the defendant, may order any such charge to be tried separately, if it is satisfied that justice so requires.

that that subsection is to be regarded as the primary guide in determining whether a subsequent prosecution is barred by a prior prosecution. However, we reject the notion that *Pia* and *Ahuna* should be read in that light, for neither case attempted to discuss the manner in which the three sub-parts of HRS § 701-111(1) affect each other. Moreover, the reference to subsection (1)(c) of HRS § 701-111 in *Pia* was merely dictum, for two separate criminal acts were at issue in that case and the offenses in question thus did not arise out of the "same conduct".

The *Ahuna* case was decided prior to the effective date of the new Penal Code, of which HRS §§ 701-109 and 701-111 are a part. Therefore, although *Ahuna* was factually similar to the instant case, the court there was not guided by the provisions of HRS § 701-109(2) and was not called upon to take account of the reference to that provision in HRS § 701-111(1)(b). We find that both *Pia* and *Ahuna* are sufficiently distinguishable from the case at bar insofar as their discussion of HRS § 701-111 is concerned. To the extent that these cases may be read as requiring a result different from that which we have reached here, they are disapproved.

We hold that under the circumstances presented in this case, HRS § 701-111(1)(b) takes precedence over HRS § 701-111(1)(c). Therefore, we further hold that pursuant to HRS § 701-109(2) and HRS § 701-111(1)(b), the subsequent prosecution for the felony charge is barred by the earlier prosecution for the misdemeanor charges.

The court below erroneously denied appellant's motion to dismiss the charge of Unauthorized Control of Propelled Vehicle. The judgment entered by the court below is hereby reversed, with direction to dismiss the indictment.

*Alvin T. Ito,* Deputy Public Defender *(Christopher D. Ferrara,* Deputy Public Defender, on the briefs), for Defendant-Appellant.

*Roy Chang,* Deputy Prosecuting Attorney *(Terrance W. H. Tom,* Deputy Prosecuting Attorney, on the brief), for Plaintiff-Appellee.

*James F. Ventura (Libkuman, Ventura, Moon & Ayabe* of counsel) for Plaintiff-Appellee for the petition.