STATE OF HAWAII, Plaintiff-Appellant, *v.* LAVERNE POWELL, Defendant-Appellee

NO. 11112

(CR. NO. 85-0711)

OCTOBER 17, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* The question in this appeal by the State of Hawaii is whether the Circuit Court of the First Circuit erred in dismissing with prejudice the charge of Theft in the First Degree[1] brought against Laverne Powell. The charge was dismissed because the circuit court concluded the "drunk decoy" operation that culminated in the commission of theft by the defendant constituted entrapment as a matter of law. The State argues the circuit court erred, but we too conclude the defendant was entrapped.

I.

The incidence of thefts and robberies in the vicinity of the intersection of Wilikina Drive and Kamehameha Highway in Wahiawa prompted a police decision to institute a series of "drunk decoy" operations in the area of the reported crimes. And between November of 1984 and March of 1985 officers of the Honolulu Police Department organized such operations on eleven occasions and arrested nineteen individuals. Laverne Powell was arrested on March 21, 1985 when she pilfered a wallet containing nine dollars.

The victim on this occasion was a police officer feigning drunkenness. As he lay on his side in a fetal position with a paper bag containing a beer bottle in his hand, a wallet protruded from a rear pocket of his

---

[1]*See* Hawaii Revised Statutes (HRS) § 708-831(1)(a) (1976).

 

jeans. That the wallet contained money was rendered obvious by the partial exposure of currency. Several other officers stationed themselves at nearby vantage points and awaited possible criminal activity. Shortly after 11:00 p.m., Laverne Powell walked by the officer posing as a helpless drunkard. She then turned back, approached the apparently vulnerable victim, and stole the wallet planted on his person. Two officers who witnessed the theft sprang from cover and apprehended Ms. Powell as she left the scene.

The Grand Jury returned an indictment charging Laverne Powell with Theft in the First Degree. Averring she had been induced by the police to commit the offense, the defendant moved for dismissal of the charge. The circuit court conducted an evidentiary hearing in which the only testimony offered was that of the police sergeant who supervised the "drunk decoy" operation. The court found the dispositive facts were not in dispute, concluded the police conduct in question constituted entrapment as a matter of law, and dismissed the indictment with prejudice.

## II

### A.

"Since the defense is not of a constitutional dimension, [the legislature] may address itself to the question and adopt any substantive definition of [entrapment] that it may find desirable." *United States v. Russell,* 411 U.S. 423, 433 (1973) (footnote omitted). "The rationale for providing a defense based on entrapment," in the legislature's view, "does not reside in the fact that entrapped defendants are less culpable or dangerous than those who formulate their intent without outside inducement. . The real basis for the defense is a purpose to deter improper conduct on the part of law enforcement officials." HRS § 702-237 (1976), Commentary. The Hawaii Penal Code's definition of "entrapment" therefore focuses "not on the [propensities and] predisposition of the defendant to commit the crime charged, but rather . . on the conduct of . . law enforcement officials." *State v. Anderson,* 58 Haw. 479, 483, 572 P.2d 159, 162 (1977). And by virtue of HRS § 702-237

[i]n any prosecution, it is an affirmative defense that the defendant engaged in the prohibited conduct or caused the prohibited result

because he was induced or encouraged to do so by a law enforcement officer, or by a person acting in cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense . . . .

. . . .

(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

Whether the defendant was entrapped or not ordinarily is a matter for the jury to decide. But when "the evidence is undisputed and . . . clear" entrapment may be established as a matter of law. *See State v. Kelsey,* 58 Haw. 234, 236, 566 P.2d 1370, 1371 (1977); *see also Sherman v. United States,* 356 U.S. 369, 373 (1958). Here, the circuit court was neither compelled to choose between conflicting witnesses nor judge their credibility. It ruled on the basis of undisputed testimony elicited from the officer who organized the operation in question. Moreover, the findings rendered by the circuit court are not challenged by the State.

### B.

The State nonetheless argues a reversal of the court's ruling is in order because the police were "looking to interrupt ongoing criminal activity" and employed means "reasonably tailored to apprehend those involved in stealing from intoxicated persons." But we are convinced from a review of the record that the police "[e]mployed methods of . . . inducement which created a substantial risk that [theft] would be committed by persons other than those who [were] ready to commit it." HRS § 702-237(1)(b).

That the police were concerned with reports of "thefts and robberies in the area" is not to be disputed. Nor can the decision to organize covert operations be faulted. "Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." *Sherman v. United States,* 356 U.S. at 372. Yet as the circuit court found, the reported thefts and robberies did not "involve[] 'sleeping drunks' or thefts of the same nature as the instant case." We would be hard put to contradict the court's further finding that the "drunk decoy" operations were expressly designed to ensnare anyone who would commit theft when "bait money" is placed in plain view and within easy reach.

The stealth and strategy employed here resulted in the apprehension

of nineteen persons, including Laverne Powell, for "rolling drunks." Undeniably, "[t]he function of law enforcement is the prevention of crime and the apprehension of criminals." *Id.* Yet, what was reported previously as happening in the vicinity were thefts of a different nature, including robberies. "Manifestly, [the law enforcement] function does not include the manufacturing of crime." *Id.* Under the circumstances, we would have to agree with the circuit court that the "drunk decoy" operation "created a substantial risk that [theft] would be committed by persons other than those who [were] ready to commit it." HRS § 702-237(1)(b).

Affirmed.

*Ellen P. Godsey* (*Arthur E. Ross* on opening brief with Law Clerk *Loretta A. Sheehan, Ellen P. Godsey* on reply brief), Deputy Prosecuting Attorneys, for appellant.

*Richard Pollack* (*David K. Kuwahara* with him on the brief), Deputy Public Defenders, for appellee.