**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000013
16-DEC-2024
07:50 AM
Dkt. 45 SO**

NO. CAAP-24-0000013

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RYAN C. OLSON, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000336)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)


Defendant-Appellant Ryan Olson (**Olson**), appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Due to Entrapment, and/or State v. Modica[, 58 Haw. 249, 567 P.2d 420 (1977) (**Modica**)], and/or Motion to Suppress Evidence" (**Order**), filed on November 15,

2023, by the Circuit Court of the Second Circuit (**circuit court**).[1]  Olson contends on appeal that the circuit court erred when it issued the Order,[2] which rejected Olson's: (1) allegations that the Maui Police Department (**MPD**) committed entrapment and violated his due process rights; (2) allegation that the MPD violated Modica; and (3) motion to suppress evidence.[3]

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Olson's contentions as follows:

(1) Olson contends that the circuit court erred by denying his Motion to Dismiss, and challenges certain FOF and COL associated with that ruling.  Olson's Motion to Dismiss set forth two separate defenses based on MPD's conduct: (1) a

---

[1]     The Honorable Michelle L. Drewyer presided.

[2]     The Order set forth findings of fact (**FOF**) and conclusions of law (**COL**), and ruled that,

> IT IS HEREBY ORDERED that [Olson's] Motion to Dismiss Due to Entrapment and/or State v. Modica, and/or Motion to Suppress Evidence is DENIED.

[3]     Olson was charged by felony information, following an MPD undercover operation, with violating Hawaii Revised Statutes (**HRS**) § 712-1209.1 (Supp. 2022), Commercial Sexual Exploitation of a Minor.

In September 2023, Olson filed a Motion to Dismiss Due to Entrapment and/or State v. Modica, and/or Motion to Suppress Evidence (**Motion to Dismiss**).  Following the circuit court's entry of its Order denying the Motion to Dismiss, Olson moved for, and was granted, leave to file an interlocutory appeal and a stay of the circuit court proceedings pending appeal.  This appeal followed.

statutory defense of entrapment, pursuant to HRS § 702-237 (2014); and (2) a constitutional due process defense. We review the circuit court's ruling on the Motion to Dismiss for an abuse of discretion. State v. Mortensen-Young, 152 Hawai'i 385, 392, 526 P.3d 362, 369 (2023).

Olson first contends that the circuit court erred in denying his Motion to Dismiss because the MPD entrapped him as a matter of law by conducting an "underaged decoy bait and switch[,]" thereby "manufactur[ing]" Olson's violation of HRS § 712-1209.1. Olson contends that the tactics the MPD employed during its undercover operation created a substantial risk that Olson would be persuaded or induced to commit the crime of Commercial Sexual Exploitation of a Minor.

Entrapment is an affirmative defense that requires defendants to prove, by a preponderance of the evidence, that they,

> engaged in the prohibited conduct or caused the prohibited result because the defendant was induced or encouraged to do so by a law enforcement officer . . . who, for the purpose of obtaining evidence of the commission of an offense, either:
> (a) Knowingly made false representations designed to induce the belief that such conduct or result was not prohibited; or
> (b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

HRS § 702-237(1); State v. Anderson, 58 Haw. 479, 480 n.3, 482—84, 572 P.2d 159, 160 n.3, 161—63 (1977). "Whether the defendant was entrapped or not ordinarily is a matter for the

jury to decide"; entrapment may only be established as a matter of law if the evidence is undisputed and clear. State v. Powell, 68 Haw. 635, 638, 726 P.2d 266, 267—68 (1986).

During the undercover operation, two MPD police officers assumed the persona of "Sweet Leilani" and indicated Sweet Leilani was thirty-four years old. According to the circuit court's findings, on July 21, 2023, Olson and Sweet Leilani agreed to meet in person for "full service" for $150. At 8:59 p.m., Sweet Leilani texted, "Im almost 17. You alright with that?" Olson responded, "Ok."[4] At 10:10 p.m., Olson made contact with the officer deployed to pose as Sweet Leilani.

Where the officers posing as Sweet Leilani informed Olson that Sweet Leilani was sixteen years old over an hour before Olson met up with Sweet Leilani, the evidence was not undisputed and clear so as to "create[] a substantial risk that the offense would be committed by persons other than those ready to commit it." See HRS § 702-237(1)(b). And Olson did not present evidence that the officers made false statements designed to induce Olson to believe offering to provide $150 to a minor to engage in sexual conduct was not prohibited. See id. § 702-237(1)(a).

_____

[4] Olson acknowledges that Sweet Leilani received his response at 9:05 p.m.

The circuit court thus did not err by denying Olson's Motion to Dismiss and, in so doing, declining to conclude as a matter of law that Olson was entrapped.[5]

Olson next contends that the circuit court erred in denying his Motion to Dismiss because the MPD's conduct during the undercover operation violated his due process rights.

Due process is a limited defense that is available only under certain extreme circumstances. Agrabante, 73 Haw. at 185—87, 830 P.2d at 495—96. As the Hawaiʻi Supreme Court has instructed, "[w]e must necessarily exercise scrupulous restraint before we denounce law enforcement conduct as constitutionally unacceptable; the ramifications are wider and more permanent than when only a statutory defense is implicated." Id. at 185, 830 P.2d at 495 (citation omitted). To prove a due process violation, a defendant must show that a law enforcement officer's conduct violates fundamental fairness or is otherwise so outrageous that it "shocks the conscience." State v. Tookes, 67 Haw. 608, 611—12, 699 P.2d 983, 986 (1985).

---

[5] We note that defendants would be entitled to a jury instruction on the entrapment defense if they present some evidence of entrapment. State v. Agrabante, 73 Haw. 179, 196, 830 P.2d 492, 501 (1992) ("A defendant in a criminal case is entitled to an instruction on every defense or theory of defense having *any* support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive or unsatisfactory the evidence may be.") (cleaned up).

We further note that the circuit court's FOF and COL, which were based on the preponderance of evidence in the pretrial record, are confined to the pretrial motion to dismiss.

Again, the officers posing as Sweet Leilani represented to Olson that Sweet Leilani was sixteen years old over an hour before Olson met up with Sweet Leilani. Olson does not show how this, or any other behavior by the officers, was so outrageous that it shocks the conscience.

On this record, we determine that the circuit court was not wrong in concluding that MPD's undercover operation was not so outrageous or shocking as to violate Olson's due process rights.

(2) Olson contends that HRS §§ 712-1200 (Supp. 2022) and 712-1209.1 violate his constitutional rights, pursuant to Modica, because these statutes permit the "disparate treatment of similarly situated defendants who differ only in gender and role in the underlying prostitution contract[,]" thereby enhancing the criminal consequences against Olson from a petty misdemeanor offense to a class B felony offense. Olson's contentions lack merit.

In Modica, the Hawaiʻi Supreme Court held that a criminal defendant's constitutional rights are violated where "the same act committed under the same circumstances is punishable either as a felony or as a misdemeanor" and "the elements of proof essential to either conviction are exactly the same[.]" 58 Haw. at 251, 567 P.2d at 422.

Here, the elements of proof essential to a conviction under HRS §§ 712-1200 and 712-1209.1 are not "exactly the same." HRS § 712-1200 provides, in relevant part, that "[a] person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person in return for a fee or anything of value." HRS § 712-1209.1 provides,

> (1)    A person eighteen years of age or older commits the offense of commercial sexual exploitation of a minor if the person intentionally, knowingly, or recklessly:
> (a)    Offers or agrees to provide anything of value to a member of a police department, a sheriff, or a law enforcement officer who represents that person's self as a minor to engage in sexual conduct;
> (b)    Provides anything of value to a minor or third person as compensation for having engaged in sexual conduct with a minor;
> (c)    Agrees to provide or offers to provide anything of value to a minor or third person for the purpose of engaging in sexual conduct with a minor; or
> (d)    Solicits, offers to engage in, or requests to engage in sexual conduct with a minor in return for anything of value.

The plain language of HRS § 712-1209.1 expressly instructs that the offer or agreement to provide "anything of value" must be for the purpose of, or in exchange for, engaging "in sexual conduct with **a minor**" or with a law enforcement officer "who represents that person's self as **a minor** to engage in sexual conduct"; the plain language of HRS § 712-1200 does not. (Emphasis added.) HRS §§ 712-1209.1 and 712-1200 do not treat "similarly situated defendants who differ only in gender and role" differently.

7

Therefore, we conclude that the circuit court did not err in concluding that there was no <u>Modica</u> violation.

(3) Olson contends that the circuit court erred in denying his Motion to Suppress Evidence.  We review the circuit court's denial of the Motion to Suppress Evidence "<u>de novo</u> to determine whether the ruling was right or wrong."  <u>State v. Hewitt</u>, 153 Hawaiʻi 33, 40, 526 P.3d 558, 565 (2023) (internal quotation marks omitted).  Olson's contention is premised on his allegation that MPD violated his due process rights.  Because we conclude the circuit court was not wrong in determining that the MPD's conduct was not so outrageous or shocking as to violate Olson's due process rights, we further conclude that the circuit court was not wrong in denying Olson's Motion to Suppress Evidence.

For the foregoing reasons, we affirm the Order, filed November 15, 2023, by the circuit court.

DATED: Honolulu, Hawaiʻi, December 16, 2024.

On the briefs:

Myles S. Breiner,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge