NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000413
19-JUN-2026
07:57 AM
Dkt. 79 SO**

NO. CAAP-24-0000413

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JUSTIN JOSHUA SERRANO EUGENIO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-23-0000095)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Justin Joshua Serrano Eugenio (**Eugenio**) appeals from the May 21, 2024 Judgment of Conviction and Probation Sentence (**Judgment**) entered against him by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On January 24, 2023, Plaintiff-Appellee State of Hawai'i (the **State**) filed a Felony Information charging Eugenio with Commercial Sexual Exploitation of a Minor in violation of Hawaii Revised Statutes (**HRS**) § 712-1209.1(1)(a) (Supp. 2021). The charge arose from an undercover police operation in which Maui Police Department (**MPD**) Detective John Surina (**Detective Surina**) posed as an underage female prostitute online (the

---

[1] The Honorable Catherine H. Remigio presided.

**persona**).[2]  At the conclusion of a January 2024 trial, a jury found Eugenio guilty of Commercial Sexual Exploitation of a Minor.

Eugenio raises three points of error on appeal, contending there is a reasonable possibility that:  (1) the Circuit Court's failure to provide a mistake of fact jury instruction contributed to the conviction; (2) that Hawaiʻi Jury Instructions Criminal (**HAWJIC**) 7.08 contributed to the conviction; and (3) the Circuit Court's omission of HAWJIC 7.09 contributed to the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Eugenio's points of error as follows:

(1)  Eugenio argues the evidence elicited at trial made a mistake of fact instruction necessary.  Specifically, Eugenio argues that the record demonstrates that the police created the impression that the persona was an adult by initially listing her age at 19 and using photos of an adult woman.  Eugenio contends that this evidence is credible evidence constituting the mistake of fact defense as to the persona's age.

To convict a defendant of Commercial Sexual Exploitation of a Minor in violation of HRS § 712-1209.1(1)(a)[3],

---

[2]     The operation was a joint effort between MPD, Honolulu Police Department (**HPD**), and state and federal agencies.

[3]     HRS § 712-1209.1 states, in relevant part:

> **§ 712-1209.1  Commercial sexual exploitation of a minor.**  (1)  A person eighteen years of age or older commits the offense of commercial sexual exploitation of a minor if the person intentionally, knowingly, or recklessly:

(continued...)

the State must prove beyond a reasonable doubt that the defendant (1) was 18 years or older and (2) intentionally, knowingly, or recklessly, (3) offered or agreed to provide anything of value to a law enforcement officer who represents themselves to be a minor.

The trial court has the primary responsibility to ensure that the jury is properly instructed.  State v. Henley, 136 Hawaiʻi 471, 479, 363 P.3d 319, 327 (2015).  Hawaiʻi appellate courts employ a two-step framework to determine whether a circuit court should have *sua sponte* instructed the jury on mistake of fact.  State v. Taylor, 130 Hawaiʻi 196, 206, 307 P.3d 1142, 1152 (2013).  First, the court looks to whether the trial court plainly erred in failing to give a mistake of fact instruction. Id. at 207-08, 307 P.3d at 1153-54.  "[P]lain error affecting substantial rights exists if the defendant had met his or her initial burden at trial of adducing credible evidence of facts constituting the defense (or those facts are supplied by the prosecution's witnesses)."  Id. at 205, 307 P.3d at 1151 (footnote omitted).  Credible evidence is evidence from which the Circuit Court could conclude "that the evidence offered reasonable grounds for being believed, *i.e.*, that a reasonable juror could harbor a reasonable doubt as to the defendant's guilt"  Id. at 207, 307 P.3d at 1153 (quotation marks omitted). Where there is plain error, we reverse "only if an examination of

---

³(...continued)
        (a)    Offers or agrees to provide anything of value to a member of a police department, a sheriff, or a law enforcement officer who represents that person's self as a minor to engage in sexual conduct[.]

the record as a whole reveals that the error was not harmless beyond a reasonable doubt."  Id. at 208, 307 P.3d at 1154.

We conclude that there is no credible evidence in the record supporting a mistake of fact defense.  First, HRS § 712-1209.1(1)(a) prohibits, *inter alia*, the act of recklessly offering or agreeing to provide anything of value to a law enforcement officer who represents themselves to be a minor, and a violation of this statute does not rest on the "fact" of the persona's age.  Here, there was testimony at trial that Detective Surina represented, multiple times, that the officer's persona was a minor.  More specifically, while the persona's age was initially listed on a website as 19, Detective Surina proceeded to represent the persona's age as 16 on three separate occasions. Eugenio's responses indicate his knowledge of the representation as to age.  In response to the first message that the persona was 16, Eugenio responded "now knowing that fact I would want price drop."  (Emphasis added).  When Detective Surina asked if Eugenio was okay with the persona's age, Eugenio responded, "[p]romise your not telling anybody cuz I can get into serious trouble including getting arrested?"  Based on the evidence elicited at trial, we cannot conclude that a reasonable juror could harbor a reasonable doubt that Eugenio was mistaken as to the officer's representation of the persona's age.  Indeed, these representations are not negated by the fact that the pictures provided by Detective Surina depicted a woman who was not a minor and/or did not appear to Eugenio to be a minor.  Therefore, we conclude that the Circuit Court did not commit plain error in failing to instruct the jury on mistake of fact.

4

(2) Eugenio argues that HAWJIC 7.08 "does not provide an adequate instruction on the objective standard applicable to an entrapment defense." Eugenio argues this prejudiced his defense because the jury asked if there was a legal definition of the term "inducement," indicating their confusion. Eugenio maintains that the term inducement frames "the first element in terms of what Mr. Eugenio did or why," and therefore "blurred the line between a subjective and objective standard."

To determine whether a jury instruction is adequate, the key inquiry is whether the instruction was insufficient, inconsistent, or misleading. State v. Lagat, 97 Hawaiʻi 492, 500, 40 P.3d 894, 902 (2002). Where the plain language of a statute is clear and unambiguous, a jury instruction that tracks the language of the statute is generally adequate. Id. (instruction that tracked statutory language was not erroneous where statute was clear and instruction adequately explained the applicable law); Armstrong v. Cione, 6 Haw. App. 652, 661, 736 P.2d 440, 447 (1987) (holding that reading the statute verbatim to the jury is a sufficient instruction where statutory language was "very simple and easy to understand"); Fredricksen v. Dyas, No. CAAP-16-0000864, 2021 WL 305750, *6 (Jan. 29, 2021) (mem. op.) (jury instruction was not misleading where it tracked statutory language verbatim); State v. Scott, No. 30499, 2011 WL 1878851, *2 (May 12, 2011) (SDO).

In State v. Anderson, the Supreme Court of Hawaiʻi held that "the language of HRS [§] 702-237 fully comports with the objective view of entrapment." 58 Haw. 479, 484, 572 P.2d 159, 162 (1977). The court reasoned that the statute's language

5

focuses "on the police conduct and its probable effect on a 'reasonable person.' No attention is directed toward the state of mind of the particular defendant in determining the entrapment issue." Id.

Here, HAWJIC 7.08 tracks HRS § 702-237 nearly verbatim.[4] Like the statutory language, HAWJIC 7.08 "fully comports with the objective view of entrapment." Because HAWJIC

---

[4] HAWJIC 7.08 states, in relevant part:

Entrapment is an affirmative defense to the charge(s) of (specify charge(s) and any instructed included offense(s)). A person is entrapped if he/she engaged in the prohibited conduct or caused the prohibited result because he/she was induced or encouraged to do so by a law enforcement officer [or by a person acting in cooperation with a law enforcement officer] who, for the purpose of obtaining evidence of the commission of an offense, employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

Entrapment has two elements.

These two elements are:

1. That the defendant engaged in the prohibited conduct or caused the prohibited result because he/she was induced or encouraged to do so by a law enforcement officer [or by a person acting in cooperation with a law enforcement officer]; and

2. That the law enforcement officer [or a person acting in cooperation with a law enforcement officer] did, for the purpose of obtaining evidence of the commission of an offense, employ methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

HRS § 702-237 states, in relevant part:

**§ 702-237 Entrapment.** (1) In any prosecution, it is an affirmative defense that the defendant engaged in the prohibited conduct or caused the prohibited result because the defendant was induced or encouraged to do so by a law enforcement officer, or by a person acting in cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense, either:
(a) Knowingly made false representations designed to induce the belief that such conduct or result was not prohibited; or
(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

7.08 "adequately and understandably apprised the jury of the law to be applied in its deliberation," we conclude that the Circuit Court did not err in using HAWJIC 7.08.  See Lagat, 97 Hawaiʻi at 500, 40 P.3d at 902.

(3)  Eugenio argues that the Circuit Court erred in failing to instruct the jury with HAWJIC 7.09 because Detective Surina initially listed the persona's age as 19 and gave Eugenio pictures of an adult.  Eugenio contends that this could lead a rational jury to find that "law enforcement 'knowingly made false representations designed to induce'" Eugenio to believe that his conduct was not "prohibited."

> HAWJIC 7.09 states in relevant part:
>
> Entrapment has two elements.
>
> These two elements are:
>
> 1.  That the defendant engaged in the prohibited conduct or caused the prohibited result because he/she was induced or encouraged to do so by a law enforcement officer [or by a person acting in cooperation with a law enforcement officer]; and
>
> 2.  That the law enforcement officer [or a person acting in cooperation with a law enforcement officer] did, for the purpose of obtaining evidence of the commission of an offense, knowingly make false representations designed to induce the belief that such conduct or result was not prohibited.

Here, there is no evidence in the record that a law enforcement officer made a false representation that would induce a belief that the conduct prohibited by HRS § 712-1209.1(1)(a) is legal.  As discussed above, although Detective Surina initially posted the persona's age was 19, he informed Eugenio multiple times that the persona's age was 16.  At no point did any law enforcement officer represent that trading something of value to engage in sexual conduct with a minor is not prohibited by law.  Because there was no evidence in the record of law enforcement making a false statement to induce Eugenio's violative conduct,

7

we conclude that the Circuit Court did not err in declining to submit HAWJIC 7.09 to the jury.

For these reasons, the Circuit Court's May 21, 2024 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 19, 2026.

On the briefs:

Matthew Mannisto
(Law Office of Matthew
Mannisto),
for Defendant-Appellant

David M. Van Acker,
Leigh M. Okimoto,
Deputy Attorneys General,
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge