IN THE MATTER OF THE APPLICATION FOR A WRIT OF HABEAS CORPUS AD SUBJICIENDUM RE ALVIN GEORGE KAOHU, Petitioner-Appellant

NO. 7568

DECEMBER 11, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

· Alvin George Kaohu (hereinafter Kaohu) appeals from the denial of his Application for Writ of Habeas Corpus Ad Subjiciendum (hereinafter Application) and from the denial of his motion to reconsider that initial determination.

On July 29, 1974, Kaohu was sentenced to five years probation by the First Circuit Court after a jury found him guilty of Conspiracy in the First Degree.

On April 5, 1979, while still on probation, Kaohu was indicted by a grand jury in the Third Circuit for the offenses of Murder and Hindering Prosecution in the First Degree. The offenses allegedly occurred on or about July 28 and 29, 1977.

On July 18, 1979 the State filed a motion in the First Circuit Court to commit Kaohu without bail pursuant to Hawaii Revised Statutes (HRS) § 706-626(3) (1976) pending a determination of the new charges against him. After a hearing, Judge Wendell Huddy granted the State's motion. We recently affirmed that decision. *State v. Pokini*, 1 Haw. App. 98, 614 P.2d 405 (1980).

On August 1, 1979, Kaohu filed the Application in the First Circuit Court, seeking relief from Judge Huddy's order on the grounds that a § 706-626(3) commitment without bail is contingent upon continued status as a probationer; that

Kaohu's probation had terminated on July 29, 1979; and that therefore the State lacked authority to continue to hold him without bail. After a hearing on August 3, Judge Edwin H. Honda denied Kaohu's Application. In Findings of Fact and Conclusions of Law filed on August 10, Judge Honda ruled that "[a]lthough [Kaohu's] probationary status has terminated at this time, such a status is not required under HRS § 706-626 for continued commitment without bail".

On August 15, Kaohu filed the motion to reconsider Judge Honda's ruling. Judge Honda denied that motion after a hearing that same day.

The crux of Kaohu's argument is that HRS § 706-626(3) cannot justify Kaohu's commitment after his probation expires; that his probation expired on July 29, 1979; and that he is therefore being illegally detained.

The State contends that a motion made pursuant to HRS § 706-626(3) is the formal initiation of probation revocation proceedings and that the filing of such a motion tolls the running of the probationary period. Since the motion here was filed prior to the expiration of the probationary period, the State argues that the probationary period has not expired and that Judge Huddy's order retains its legal effectiveness.

There are two questions: (1) Whether the continuation of a commitment without bail under HRS § 706-626(3) requires the continuation of the probation period; and, if it does (2) whether the filing of a motion to commit without bail tolls the running of the probation period.

In pertinent part, HRS § 706-626 provides as follows:

§ 706-626 Summons or arrest of defendant under suspended sentence or on probation; commitment without bail. At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence:***

(3) The court, if there is probable cause to believe that the defendant has committed another crime or if he has been held to answer therefor, may commit him without bail, pending a determination of the charge by the court having jurisdiction thereof. [L 1972, c 9, pt of §1]

A literal application of the statute appears to authorize the court to commit a defendant who is presently on probation, and who has been charged with another crime, without bail until the new charge is determined by the court having jurisdiction thereof. The words of the statute are not ambiguous. "[W]here there is no ambiguity in the language of a statute, and the literal application of the language would not produce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the statute must be given effect according to its plain and obvious meaning." *State v. Park*, 55 Haw. 610, 614, 525 P.2d 586, 590 (1974).

What are the "purposes and policies" of the statute?

HRS § 706-626(3) is part and parcel of the Hawaii Penal Code, and was enacted in 1972. *See* Act 9, Session Laws of Hawaii (SLH) 1972. The Commentary[1] relevant to § 706-626(3) is as follows:

> Subsection (3) is addressed to the problem presented by a defendant who is on probation or under suspended sentence and who is accused or charged with commission of another crime. The commission of a crime while on probation or under suspension of sentence would, in most cases, constitute a violation of a condition of probation or suspension. The question thus presented is whether the issue of guilt, with respect to the most recent crime, should be tried informally as a violation of a condition of suspension or probation or whether the issue should be tried independently. The Code resolves this question by providing that the defendant may be held pending an independent or formal determination by the court having jurisdiction over the charge, thus preserving for the defendant all procedural rights.[2] This subsection must be read in conjunction with §706-628(1) which provides for

---

[1] Commentary may be used as an aid in understanding the Code. *State v. Aiu*, 59 Haw. 92, 576 P.2d 1044; HRS § 701-105.

[2] *See* n.3, *infra*.

revocation in cases where the defendant "has been *convicted* of another crime." (Emphasis added.)
(Footnote added.)

HRS § 706-626 is derived from § 301.3(1)(a)-(c) of the American Law Institute's Model Penal Code (MPC). *See* Hawaii Penal Code, Proposed Draft (1970) at 355. The parallel MPC provision to HRS § 706-626(3) is MPC § 301.3(1)(c).

The Proposed Official Draft of the MPC (1962) indicates, at 246, that relevant Commentary to § 301.3 is found beginning at 149 of MPC Tentative Draft No. 2 (1954). As pertinent here that Commentary is as follows:

> 2. The statutes generally authorize the revocation of suspension and probation on failure to comply with the requirements thereof, including, of course, the commission of another crime. Theoretically, at least, a charge that the probationer has been guilty of a crime can thus be tried informally by the probation court upon the revocation issue, as a violation of condition; practically, if the charge is serious, it is more likely that the probation court will hold its action in abeyance pending an adjudication of the formal criminal proceeding. We think the latter practice preferable and the draft is framed accordingly, since it is the conviction of another crime rather than the fact of its commission that is made the basis for the revocation. The defendant's procedural rights[3] are thus fully preserved. This is the present British position and it appears

---

[3] The procedural rights of a probationer which might be threatened by determining his or her responsibility for a new crime in the context of a probation revocation hearing are set forth in the Commentary to Standard 5.3 of American Bar Association, *Standards Relating to Probation, Approved Draft, 1970*, at 62-63:

> The relative informality of a probation revocation proceeding, as compared to the trial of an original criminal charge, underlines the danger. Relaxation of rules of admissibility of evidence, the absence of a jury, a lesser burden of proof — factors such as these can lead to an abuse of the proceeding by basing revocation upon a new criminal offense when the offense could not be proved in an ordinary criminal trial. Additional complexity is introduced by the position in which the probationer is put as regards his privilege against self-incrimination: a revocation proceeding before trial of the charge on which it is based well could compromise the assertion of this fundamental constitutional right. *Cf.* Marchetti v. United

to function satisfactorily. See CRIMINAL JUSTICE ACT, 1948, § 8.

While we do not think that charges of a fresh offense ought to be tried informally in the probation court, we recognize that there may be objections to continuing the defendant at liberty and on probation pending the adjudication of the charge. *Hence even though the new offense is bailable, the draft empowers the probation court to commit the defendant without bail, temporarily suspending the probation, in effect, until the issue is determined in the normal course.*

It may be the case, of course, that quite apart from the commission of a new offense, the conduct of the probationer that gives rise to the criminal charge involves an incidental violation of the conditions of the probation. In that event, we see no reason why the probation court should be required to defer its action. If it does, it may proceed thereafter even though the defendant is acquitted of the charge of crime.

(Emphasis and footnote added.) MPC, § 301.3, Commentary at 150-151, Tentative Draft No. 2 (1954).

Thus, the purpose of HRS § 706-626(3) is to accommodate competing interests: protection of a defendant's procedural rights (by avoiding a "trial" of the new charge at a probation revocation hearing) versus protection of the community's safety pending adjudication of the new charge. The statutory scheme strikes the balance by allowing revocation based on commission of a new crime only if (and therefore after) the probationer is convicted (*see* § 706-628), while granting the

---

States, 390 U.S. 39 (1968); Garrity v. New Jersey, 385 U.S. 493 (1967); Spevack v. Klein, 385 U.S. 511 (1967).

These problems can be minimized if the probation revocation proceeding is postponed until after the disposition of the new criminal charge. The record will then be clear and the possibilities of unfairness to the probationer will have been sharply reduced, particularly as they involve the privilege against self-incrimination. This standard accordingly suggests such postponement as an operating policy. *Compare* MODEL PENAL CODE § 301.3, comment at 150-51 (Tent. Draft No. 2, 1954).

probation court the discretionary authority to commit the probationer without bail pending trial of the new charge. § 706-626(3).

Kaohu and the State agree that a § 706-626(3) commitment without bail looks toward revocation proceedings (under § 706-628). That is to say, § 706-626(3) must be viewed in its context — it is a "probation" statute rather than a "bail" statute. The court with jurisdiction of a § 706-626(3) motion is the court which has placed the defendant on probation. *See State v. Pokini, supra.* Bearing in mind the purpose of § 706-626(3), it is clear that a commitment without bail cannot continue after the termination of the period of probation. According to § 706-630, such termination relieves the defendant of any obligations imposed by the order of the court and satisfies the disposition of the court.

Since the purpose of a commitment without bail is to hold a probationer in anticipation of revocation proceedings, it follows that the commitment's legality depends upon the continuation of the period of probation and that the probation period is tolled by such proceedings.

The statutory scheme would make little sense if the probation period were not tolled by a § 706-626(3) motion to commit. Without tolling, a probationer would effectively escape the possible sanction of revocation for having committed a new crime while on probation whenever the trial on the new charge occurred after the normal running of the probation period, while obtaining the benefit of preservation of all procedural rights. Such an interpretation would not maintain the very balance that the law was designed to achieve.

Kaohu argues, however, that the 1977 amendment to HRS § 706-627 (*see* Act 106, § 1, SLH 1977), which explicitly sets forth a method of tolling the running of the period of probation, prevents a conclusion that a § 706-626(3) motion can also toll the running of the period of probation. Section 706-627 was amended by adding subsections (2) and (3); as pertinent here, subsection (2) provides that:

> (2) Upon the filing of a motion to revoke a probation . . ., the period of probation . . . shall be tolled pend-

ing the hearing upon the motion and the decision of the court. . . .

In explaining the reason for amending § 706-627, the House of Representatives and the Senate of the State of Hawaii drafted their Standing Committee Reports for H.B. No. 253 as follows:

The purpose of this bill is to amend present law by providing for tolling of the period of probation or suspension of sentence whenever a motion to revoke a probation or suspended sentence is filed or a motion to increase the requirements imposed is filed. The period of probation or suspended sentence is to be tolled pending the hearing upon the motion and decision of the court. *Your Committee was informed that under present law it is possible for a person's period of probation or suspended sentence to run out pending a revocation hearing, thus making him a free man, even though he may have committed acts justifying revocation of probation or suspended sentence.* Your Committee believes that this bill will prevent such situations from occurring.

(Emphasis added.) Standing Committee Report 450, HOUSE JOURNAL at 1495 (1977); Standing Committee Report 1105, SENATE JOURNAL at 1295 (1977).

Kaohu relies on the above to argue that the State had to file a (§ 706-628) motion to revoke his probation in order to toll the period of probation pursuant to § 706-627(2), and because the State did not do so, the period of probation terminated. This conclusion seems to have been shared by the lower court, which ruled that Kaohu's probationary status had terminated. Both are incorrect.

We agree that § 706-627(2) establishes a method of tolling with respect to motions for revocation under § 706-628 and that the legislature was closing a possible "loophole" in law; but in our view, the method of tolling established is not the only method, and the possible "loophole" being closed is susceptible of another interpretation.

First, however, we note that in seeking an understanding of the purpose of § 706-626(3), enacted in 1972 by the Sixth Legislature, the interpretation of that section by members of

the Ninth Legislature in 1977 is not of weight. *Cf. In re Island Airlines,* 47 Haw. 1, 87 at 123, 384 P.2d 536 (1963). This is especially the case where, as here, no intervening judicial construction of § 706-626(3) limited its literal application. The Ninth Legislature was not responding to a limiting judicial construction of § 706-626(3) when it amended § 706-627.

Second, the "loophole" closed by Act 106, SLH 1977, HRS § 706-627(2) and (3), may be explained as follows. HRS § 706-628(1) (1976) sets forth two bases for revocation of probation: (1) inexcusable failure to comply with a substantial requirement imposed as a condition of the order of probation, or; (2) conviction of another crime. In our view, and perhaps in the view of the drafters of Act 106, a § 706-626(3) motion tolls the running of the period of probation, but such a motion is available only with respect to an allegation of another crime. Perhaps[4] prior to Act 106, no method of tolling existed with respect to an allegation of "inexcusable failure to comply with a substantial requirement" of the order of probation. Consequently, even though a probationer might have committed acts justifying revocation, probation could not be revoked unless the revocation hearing and the court's decision preceded the termination of the period of probation. *See* § 706-628(1).

Thus, the lower court erred in two respects: in its conclusion of law that probationary status is not required under § 706-626 for continued commitment without bail; and in its mixed finding of fact/conclusion of law that Kaohu's probationary status had terminated.

The lower court's errors, however were not prejudicial to Kaohu. Both parties presented the same legal arguments in the lower court and on appeal, and the errors below were essentially errant conclusions of law. The lower court made the right decision, albeit for the wrong reasons. If the trial court has reached a correct conclusion, its decision will not be disturbed on the ground that the reasons it gave for its actions were erroneous. *Federal Elec. Corp. v. Fasi,* 56 Haw. 57, 527 P.2d 1284 (1974).

---

[4] We do not reach this question.

To conclude, we hold that the filing of a motion to commit without bail pursuant to HRS § 706-626(3) tolls the running of the period of probation. Consequently, the orders of the court below, denying the application and the motion to reconsider, are affirmed.

*Stephen T. Hioki (Matthew S. K. Pyun, Jr.* with him on the briefs) for petitioner-appellant.

*George H. Yamamoto*, Deputy Attorney General, for State of Hawaii.