STATE OF HAWAII, Plaintiff-Appellee, *v.* ALVIN GEORGE KAOHU, Defendant-Appellant, and JAMES POKINI, also known as James K. Pokini, FRANKLIN D. MELANDRE and JONAH M. IAEA, Defendants

NO. 8531

(CRIMINAL NO. 44263)

FEBRUARY 23, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

The dispositive issue in this appeal is, "When does the period of probation start to run again after being tolled by a successful motion[1] to commit without bail pursuant to Hawaii Revised Statutes (HRS) section 706-626(3) (1976),[2] pending trial for a crime committed during probation?" We hold that the period of probation begins to run again upon the court's entry of the judgment, not when the jury returns its verdict.[3]

Appellant Alvin George Kaohu (Kaohu) was sentenced on July 29, 1974 to five years of probation for his criminal conspiracy in the first degree conviction in First Circuit Criminal No. 44263. On July 17, 1979, while still on probation, Kaohu was indicted in Third Circuit Criminal No. 6037 for the offenses of murder and hindering prosecution in the first degree.[4]

On July 18, 1979, the State filed a motion in First Circuit Criminal No. 44263 to commit Kaohu without bail pursuant to HRS section 706-626(3), pending a determination of the new charges against him. At this point, Kaohu's period of probation was to expire in ten days. After a hearing, the First Circuit Court granted the State's motion and Kaohu filed an interlocu-

---

[1] If the motion is granted, the order is effective as of the date of the motion. If it is denied, there is no tolling.

[2] § 706-626 Summons or arrest of defendant under suspended sentence or on probation; commitment without bail. At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence:

&ast; &ast; &ast;

(3) The court, if there is probable cause to believe that the defendant has committed another crime or if he has been held to answer therefor, may commit him without bail, pending a determination of the charge by the court having jurisdiction thereof.

[3] Query, when does the tolling period end if the charge is not pursued to judgment?

[4] These offenses allegedly occurred on or about July 28 and 29, 1977.

tory appeal to this court. We affirmed the order in *State v. Pokini,* 1 Haw. App. 98, 614 P.2d 405 (1980).[5]

On May 8, 1981, the jury returned its verdict in Third Circuit Criminal No. 6037, finding Kaohu guilty of the offense of manslaughter. Kaohu was sentenced on September 4, 1981 to imprisonment for a maximum ten-year term.

On September 8, 1981, the State filed in First Circuit Criminal No. 44263 a Motion for Revocation of Probation and Imposition of Sentence, pursuant to HRS section 706-628 (Supp. 1982).[6] At the hearing held on October 9, 1981, Kaohu argued that although his probationary period had tolled on July 18, 1979 upon the filing of the State's HRS section 706-626(3) motion for commitment without bail, the period of probation once again began to run when the jury returned its verdict on May 8, 1981. Thus, the ten days remaining in his probationary period expired on May 18, 1981 and the court no longer had jurisdiction to revoke his probation when the State filed its motion in September.

---

[5] In *State v. Pokini, supra,* Kaohu contended that the First Circuit Court was collaterally estopped from ordering him to be committed without bail since the Third Circuit Court had previously reviewed the same issues at a bail hearing held on April 12, 1979. We disagreed, finding that the First Circuit Court retained jurisdiction over Kaohu by virtue of his probation status. The issue at the Third Circuit hearing was whether Kaohu should be admitted to bail pending trial on the new charges pursuant to HRS chapter 804, whereas the issue at the First Circuit hearing was whether there was probable cause to believe that appellant had committed another crime while on probation or had been held to answer to another crime and, if so, whether he should be committed without bail pursuant to HRS section 706-626(3).

[6] Note that the filing of a motion to revoke probation begins a new period of tolling of the defendant's probation status pursuant to HRS section 706-627(2) (Supp. 1982). This section states:

(2) Upon the filing of a motion to revoke a probation or suspension of sentence or a motion to increase the requirements imposed thereby, the period of probation or suspension of sentence shall be tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation or suspension, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation or suspension, the defendant shall remain subject to all terms and conditions of the probation or suspension except as otherwise provided by this chapter.

The First Circuit Court, however, ruled that Kaohu was still on probation and it had jurisdiction over the revocation motion. As required by HRS section 706-628 (Supp. 1982),[7] the court revoked Kaohu's probation and sentenced him to imprisonment for the maximum ten-year term. We affirm.

As its commentary makes clear, HRS section 706-626(3) addresses the problem of how to deal with a defendant who is on probation or under suspended sentence and who is accused of or charged with the commission of another crime. Rather than requiring an immediate revocation hearing, at which the issue of the defendant's guilt would be tried informally to determine whether he violated a condition of probation or suspension, HRS section 706-626(3) provides a means by which the defendant may be held pending formal adjudication of the new charge. This preserves the defendant's procedural rights by giving him the entire panoply of rights associated with formal trials while protecting the community's safety pending adjudication of the new charge. In order to prevent a defendant from effectively escaping the possible sanction of revocation in the event his period of probation or suspension terminates before a formal determination of guilt is made, the filing of a motion to commit without bail under HRS section 706-626 tolls the running of the probation or suspension period. *In the Matter of Kaohu,* 1 Haw. App. 469, 620 P.2d 1082 (1980).

Since HRS 706-626(3) tolls the probation or suspension period "pending a determination of the charge by the court having jurisdiction thereof," Kaohu argues that the determination of the charge is made when the jury enters its verdict. We

---

[7] § 706-628 Revocation of probation or suspension of sentence; resentence. (1) At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if the defendant has been convicted of another crime, may, but if convicted of a felony, shall, revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2).

(2) When the court revokes a suspension or probation, it shall impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

believe, however, that the written entry of judgment[8] by the court is determinative, and it is at this point that the probation or suspension period begins to run again.

The clear language[9] of HRS section 706-626(3) refers to the determination of the new charge by the *court,* not by a jury or after trial. The judgment is the "[d]etermination of a court of competent jurisdiction upon matters submitted to it." Black's Law Dictionary 755 (5th ed. 1979). "[T]here is a fundamental difference between a verdict and a judgment; . . . a verdict is the jury's finding on the facts, and a judgment, in a jury case, is the judge's determination of the case upon the verdict. . . ." 46 Am. Jur. 2d *Judgments* § 4 (1969) (footnotes omitted).

In a criminal case, the jury's verdict of guilt may be overturned by the court upon a motion for judgment of acquittal, Rule 29, Hawaii Rules of Penal Procedure (HRPP), or a motion for a new trial, Rule 33, HRPP. Under HRS section 635-56 (1976), the court is permitted under certain circumstances to set aside a guilty verdict or grant a new trial. Thus, the

---

[8] Rule 32(c), Hawaii Rules of Penal Procedure, states:

(c) Judgments.

(1) *In the Circuit Court.* A judgment of conviction in the circuit court shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment.

(2) *In the District Court.* A judgment of conviction in the district court shall set forth the disposition of the proceedings and the same shall be entered on the record of the court. The notation of the judgment by the clerk on the calendar constitutes the entry of the judgment.

[9] Kaohu contends that as a general rule of statutory construction, penal statutes are to be strictly construed against the State and in favor of persons on whom such penalties are imposed. But "[t]he rule of strict construction does not require that penal statutes be given the 'narrowest meaning' that the words of the statute will allow. . . . Instead, the language of even a penal statute should be given a reasonable or common sense construction, consonant with the objects of the legislation. . . ." Sutherland, *Statutes and Statutory Construction* § 59.06 (Sands 4th ed. 1974). Moreover, where the language is clear and unambiguous as in this case, "the court is bound by the plain, clear and unambiguous language of the statute." *State v. Palama,* 62 Haw. 159, 612 P.2d 1168 (1980).

court's judgment, and not the jury's verdict, is "the law's last word in a judicial controversy" at the trial level. 46 Am. Jur. 2d *Judgments* § 1 (1969).

We see no prejudice to the defendant in waiting until the court's entry of judgment to terminate the tolling of the defendant's period of probation or suspension. If the defendant is acquitted, judgment is entered forthwith. Although judgment may not be entered for several months after an adjudication of guilt in a criminal trial since a sentence must first be imposed,[10] the defendant whose probation or suspension has been tolled and who is imprisoned without bail will have this period of detention deducted from his minimum and maximum terms of imprisonment pursuant to HRS section 706-671 (1976).[11]

Therefore, we hold that Kaohu's period of probation which had been tolled by HRS section 706-626(3) began running again when the judgment was entered by the court for his subsequent manslaughter conviction and that the State's

---

[10] Section 641-11, HRS (Supp. 1982), states in part, "The sentence of the court in a criminal case shall be the judgment" and Rule 32, HRPP, requires a judgment of conviction to contain the sentence. *See* note 6, *supra.* Before sentence can be imposed for a felony conviction, a presentence correctional diagnosis and report must be made pursuant to HRS section 706-601 (1976) and a presentence mental and medical examination may also be ordered by the court under HRS section 706-603 (Supp. 1982). This requirement, however, may be waived by consent of the defendant, the prosecuting attorney, and the court.

[11] § 706-671 Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime. (1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following his arrest for the crime for which sentence is imposed, such period of detention following his arrest shall be deducted from the minimum and maximum terms of such sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the length of such detention of the defendant prior to sentence in any State or local correctional or other institution, and the certificate shall be annexed to the official records of the defendant's commitment.

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the period of imprisonment served under the original sentence, and the certificate shall be annexed to the official records of the defendant's new commitment.

motion for revocation of probation and imposition of sentence for Kaohu's original crime was timely filed.

Affirmed.

*Karl K. Sakamoto* (*Alvin T. Sasaki* on the opening brief), Deputy Public Defenders, for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellee.