**STATE OF HAWAII**, Plaintiff–Appellee, v. **ROBIN KEITH SERVANTES**, also known as A. Squeaky, also known as Roben K. Servantes, also known as Robin Kewaileahi Servantes, Defendant–Appellant

NO. 14378

(CR. NO. 89–0115)

JANUARY 30, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant–Appellant Robin Servantes appeals from felony convictions of Promoting a Dangerous Drug in the Third Degree, Hawaii Revised Statutes (HRS) § 712–1243 (1985), and Possession with Intent to Use Drug Paraphernalia, HRS § 329–43.5. Appellant contends that under HRS § 701–109(2) his prosecution was barred by his earlier plea of no contest to a misdemeanor charge of Promoting a Detrimental Drug in the Third Degree, HRS § 712–1249.

We find that the trial court erred in concluding that the felony and misdemeanor charges arose from separate episodes and could be tried separately. We therefore reverse Appellant's conviction and need not consider his additional claim of error.

I.

The facts are undisputed. On January 19, 1989, police officers observed Todd Causey (Causey), in the passenger seat of Appellant's car, smoking a marijuana cigarette. Appellant was seated in the driver's seat. When Causey, upon request by the police, exited from the car, the officers discovered in plain view a clear plastic bag of marijuana on the driver's side of the car next to Appellant's foot. The bag was seized and Appellant and Causey were arrested

for Promoting a Detrimental Drug in the Third Degree, a misdemeanor.

Appellant's car was towed to the police station and secured. Four days later, on January 23, police obtained a search warrant for the car and seized cocaine and drug paraphernalia, and Appellant was arrested and charged with Promoting a Dangerous Drug in the Third Degree and Possession with Intent to Use Drug Paraphernalia, both Class C felonies.

On February 23, 1989, Appellant entered a not guilty plea to the misdemeanor charge. The State, on March 20, 1989, obtained an indictment charging Appellant on the two felony charges. On March 30, 1989, Appellant entered a nolo contendere plea to the misdemeanor charge, was found guilty and sentenced.

On September 14, 1989, Appellant moved to dismiss the felony indictment on the grounds that HRS §§ 701–109(2) and 701–111(1)(b) barred the State from proceeding on the felony charges following his conviction on the misdemeanor charge. The trial court found that the marijuana offense occurred at a different time, place and circumstances from the felony offenses and denied Appellant's motion to dismiss. It is from this finding that we now consider this appeal.

## II.

Appellant contends that the State was barred by §§ 701–109(2) and 701–111(1)(b) from prosecuting him on the felony indictment. Section 701–109(2) in pertinent part provides:

[A] defendant shall not be subject to separate trials for multiple offenses based on the same conduct *or arising from the same episode*, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

HRS § 701–109(2) (1985) (emphasis added). Furthermore, under § 701–111(1)(b), the State is prohibited from subsequently prosecuting a defendant for any offense which should have been joined in a prior trial under § 701–109(2).

Section 701–109(2) reflects a policy that all charges that arise under one episode be consolidated in one trial so that a defendant need not face the expense and uncertainties of multiple trials based on essentially the same episode. Commentary on HRS § 701–109. Section 701–109(2) is designed to prevent the State from harassing a defendant with successive prosecutions where the State is dissatisfied with the punishment previously ordered or where the State has failed to convict the defendant. *State v. Solomon*, 61 Haw. 127, 596 P.2d 779 (1979); *State v. Carroll*, 63 Haw. 345, 351, 627 P.2d 776, 780 (1981).

It is undisputed that the felony offenses were known to the prosecuting attorney at the commencement of the trial on the misdemeanor charge. The State further concedes that both the felony and misdemeanor offenses were within the jurisdiction of a single court. The only issue therefore is whether the felony and misdemeanor offenses arose from the same episode.

We have previously addressed the issue of whether a subsequent prosecution arose from the same episode for the purposes of § 701–109(2) in *State v. Carroll, supra.* In *Carroll*, defendant was arrested for starting a fire. During a routine search, a police officer failed to recognize a canister of Mace discovered in defendant's possession. Later, during a custodial search at the police station, a second officer identified the Mace, and defendant was subsequently charged for possession of an obnoxious substance. Defendant was tried and acquitted of the misdemeanor charge of possession of an obnoxious substance. Defendant was then tried on the felony charge of attempted criminal property damage.

We held that "the test for determining the singleness of a criminal episode should be based on whether the alleged conduct

was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge." *Carroll*, 63 Haw. at 351, 627 P.2d at 780. We concluded that the offenses were so separate in time and place and so distinct in circumstances that § 701–109(2) did not bar prosecution for the attempted criminal property damage.

The State argues that, as in *Carroll*, it is not necessary to refer to the misdemeanor offense in the prosecution of Appellant on the felony charges. We, however, find that the facts can be distinguished from those in *Carroll*. In *Carroll*, we reasoned that defendant's possession of the Mace continued until the discovery and identification at the police station. Prior to identifying the Mace, the facts and circumstances known to the first officer did not afford probable cause to believe that an offense other than attempted criminal property damage had been committed.

Here, Appellant lost possession of both the marijuana and cocaine when he was arrested and his car seized. Most importantly, police had probable cause at the time of Appellant's arrest on the marijuana offense to suspect Appellant of possession of additional illegal drugs.

Furthermore, we cannot ignore that Appellant's motion, filed previous to trial, to suppress the evidence seized from his car is obviously part of the trial proceedings. In the course of the suppression hearing, the State would have to refer to a factual account of the misdemeanor offense in order to support probable cause for the search. A fortiori, the felony charges cannot be tried without mention of the misdemeanor offense.

Accordingly, we find that the State was barred under § 701–109(2) from prosecuting Appellant for the felony offenses by his conviction on the misdemeanor marijuana possession charge.

Reversed and remanded with instructions that the court dismiss with prejudice Appellant's convictions of Promoting a

Dangerous Drug in the Third Degree and Possession with Intent to Use Drug Paraphernalia.

*Arthur K. Trask, Jr.* for Defendant–Appellant.

*David Klein*, Deputy Prosecuting Attorney (*Ryan E. Jimenez*, Prosecuting Attorney, with him on the brief) for Plaintiff–Appellee.